IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DENYING** |
| ) | **MOTION TO DISMISS** |
| Miguel Angel Chavez, a/k/a Jesus Aurelio ) | |
| Valdez, a/k/a Atanacio Chavez, a/k/a Jesus ) | Criminal No. 3:08-cr-151-01 |
| Aurelio Chavez, a/k/a Jesse Valdez Munoz, ) | |
| a/k/a Tony, a/k/a Gordo, ) | |
| ) | |
| Defendant. ) | |

Before the Court is a Motion to Dismiss Counts Two through Six as Multiplicious filed by Defendant Miguel Chavez (Doc. #329). Defendant filed this motion on the eve of trial, and the United States objected to the motion in open court, although it did not file a written response due to the lateness of the filing. At a hearing on May 11, 2009, at the close of the first day of jury selection, the Court denied the motion orally on the record. This written Order memorializes that ruling.

Prior to trial, Defendant pleaded guilty to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 846. Defendant now contends that Counts Two through Six of the Indictment are multiplicious with Count One because they involve the same alleged course of conduct. Defendant further contends that because he has already been convicted on Count One, the United States is barred from prosecuting him on Counts Two through Six on double jeopardy grounds.

An indictment is multiplicious when it charges a single offense in several counts. United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 99, 304 (1932). The Blockburger test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." Wilkinson, 124 F.3d at 975 (quoting Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975)).

The Court will first address the conspiracy counts, as charged in Counts Two, Three, and Six of the Indictment. In Count Two, Defendant is charged with money laundering conspiracy to conceal and disguise the nature, location, ownership, and control of proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h). In Count Three, Defendant is charged with conspiracy to use a communication facility to facilitate the distribution of a controlled substance in violation of 21 U.S.C. §§ 843(b) and 846. In Count Six, Defendant is charged with conspiracy to commit identity theft in violation of 18 U.S.C. §§ 1028(f), 1028(a)(7), and 1028(b)(3)(A).

After carefully reviewing the elements of these offenses, the Court concludes that Counts Two, Three, and Six are not multiplicious with the drug conspiracy charged in Count One because the objects of the conspiracies are different, and thus each charged conspiracy requires proof of a fact which the other does not. See United States v. Eastman, 149 F.3d 802, 804 (8th Cir. 1998) (holding that the charge of conspiracy to distribute drugs requires proof "that a conspiracy existed to distribute drugs, and that [the defendant] knew of and intentionally joined the conspiracy," while the charge of conspiracy to launder money requires proof that the defendant "knew of and intentionally joined a conspiracy to conduct financial transactions in which drug proceeds were used

with the intent of promoting the conspirators' illegal drug trafficking"); see also Albernaz v. United States, 450 U.S. 333, 339 (1981) (stating that it is "beyond peradventure" that a conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and a conspiracy to import marijuana in violation of 21 U.S.C. § 963 each requires proof of a fact that the other does not, because the statutory provisions "specify different ends as the proscribed object of the conspiracy").

Defendant also contends that Counts Four and Five, which charge him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), are multiplicious with Count One because they are charged as overt acts of the drug conspiracy.  However, it is well established that the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, even though the substantive offense was within the time frame of the conspiracy, because the agreement to do the act is distinct from the act itself.  United States v. Halls, 40 F.3d 275, 277 (8th Cir. 1994); see also Iannelli v. United States, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes.").  Therefore, the Court concludes that Counts Four and Five, which charge underlying substantive drug offenses, are not multiplicious with the drug conspiracy charged in Count One.

Based on the foregoing analysis, Defendant's Motion to Dismiss Counts Two through Six as Multiplicious is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of May, 2009.

    /s/   Ralph R. Erickson  
Ralph R. Erickson, District Judge  
United States District Court